**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JEREMY GUNTER,** | : | CASE NO.: 3:21-cv-108 |
| | : | |
| | : | **JUDGE** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | **Jury Demand Endorsed Herein** |
| **AMERICAN SHOWA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Jeremy Gunter ("Plaintiff") and proffers this Complaint for damages against Defendant American Showa, Inc., ("Defendant").

## THE PARTIES

1. Plaintiff Jeremy Gunter is a natural person residing in Highland County, Ohio.

2. Defendant American Showa, Inc., is a corporation doing business in the Southern District of Ohio.

3. Plaintiff is an "eligible employee" as defined by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2).

4. Plaintiff is an "employee" as that term is defined under the FMLA.

5. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A) of the FMLA.

6. At all times relevant herein, Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## JURISDICTION AND VENUE

7. This action is brought pursuant to the FMLA.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

9. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Plaintiff worked at Defendant's facility in Blanchester, Ohio, at which the events in question took place.

## FACTUAL BACKGROUND

10. Plaintiff became employed at Defendant in approximately 1999. At the time of his termination, Plaintiff worked as an online remanufacturer.

11. Plaintiff worked approximately forty (40) hours per week throughout his employment at Defendant.

12. On or about July 11, 2019, Plaintiff became dizzy at work and was taken by ambulance from Defendant's facilities to Clinton Memorial Hospital's emergency department.

13. Plaintiff was initially diagnosed with vertigo and was treated as such.

14. Plaintiff continued to feel dizzy and nauseous after his treatment, so he followed up with his primary care provider, Kimberly Jodrey, CNP, at Mercy Health – Georgetown Family Medicine. Ms. Jodrey did additional workups and tests on Plaintiff including MRI's and CT scans.

15. As early as February 21, 2020, Plaintiff received treatment at Defendant's Associates' Wellness Center by Lisa Dance, CNP, for the same medical reasons.

16. On or about March 13, 2020, Plaintiff was seen and treated by Dr. David Wenzke, MD. Dr. Wenzke specializes in gastroenterology. Plaintiff was seen and treated by Dr. Wenzke for the same medical reasons.

17. Dr. Wenzke diagnosed Plaintiff with acid reflex, gastritis, esophagitis, and eosinophilic.

18. On or about June 5, 2020, Plaintiff received treatment by Ms. Dance due to his dizziness, nausea, and abdominal pain.

19. On or about June 8, 2020, Plaintiff received additional treatment from Ms. Dance for the same medical reasons. Ms. Dance provided Plaintiff anti-nausea medicine.

20. On or about June 8, 2020, Plaintiff applied for FMLA leave. Defendant responded to Plaintiff's request by providing a "Notice of Eligibility and Rights & Responsibilities" form that requested he provide a medical certification form.

21. Plaintiff had Ms. Dance complete the medical certification form because, among other reasons, she had been treating him for his conditions.

22. The medical certification provided by Ms. Dance requested that Defendant approve Plaintiff of intermittent leave of 1 to 4 episodes per month for the duration of 8 hours per episode.  Ms. Dance stated that Plaintiff suffers from "intermittent ABD pain, nausea & dizziness can be danger to self/others & will need off work."

23. On or about June 10, 2020, Defendant provided Plaintiff a "Designation Notice" form that denied Plaintiff's request for intermittent FMLA leave.  In the form, Defendant stated additional information was necessary for Plaintiff's FMLA request to be approved.

24. Plaintiff missed work due to his nausea and dizziness on June 16, 18, 19, 22, and 23, 2020.

25. Defendant counted these missed days against Plaintiff under Defendant's attendance policy.

26. On or about June 24, 2020, Plaintiff was seen by Dr. Wenzke as part of his endoscopy scheduled for June 29, 2020.

27. On or about June 29, 2020, Dr. Wenzke performed the endoscopy on Plaintiff.

28. The endoscopy revealed Plaintiff had an infected ulcer. Dr. Wenzke prescribed Plaintiff antibiotics. The antibiotics helped Plaintiff significantly, almost eliminating Plaintiff's dizziness and nausea.  Dr. Wenzke provided an FMLA certification form taking Plaintiff off work from June 24, 2020 through June 29, 2020.

29. While the antibiotics significantly helped Plaintiff with his nausea and dizziness, he did have to miss work on July 20, 2020 due to those reasons.

30. On July 28, 2020, Plaintiff had a follow-up appointment with Dr. Wenzke.  At that time, Plaintiff continued to feel significantly better due to the antibiotics.  Consequently, Dr. Wenzke chose not to run any additional tests on Plaintiff.

31. A week later, Defendant sent Plaintiff a termination letter indicating that Defendant terminated his employment due to his attendance.  Thereafter, Defendant advised that it terminated Plaintiff's employment due to missing, among other dates, the dates that he took off work for medical reasons: June 16, 18, 19, 22, and 23, 2020.

## FIRST CAUSE OF ACTION
### Interference - Violation of the Family Medical Leave Act

32. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

33. Plaintiff was an eligible employee to take FMLA when he needed to take off for his "serious health condition," because he worked more than one thousand two hundred and fifty hours (1,250) for Defendant prior to that date and Defendant employed Plaintiff for more than twelve (12) months prior to that date.

34. Plaintiff's medical condition is a "serious health condition" under the FMLA because, among other reasons, it incapacitated him for several weeks in a row as he could not work during that time, and he received medical treatment two or more times by a health care provider within the first 30 days of his incapacity.

35. Plaintiff's "serious health condition" is a qualifying event for leave under the FMLA, entitling Plaintiff to twelve (12) weeks of job-protected leave.

36. Plaintiff put Defendant on notice that he needed FMLA leave for his serious health condition, and Defendant provided him a "Notice of Eligibility and Rights & Responsibilities" form that requested he provide a medical certification form.

37. Defendant knew or should have known that Plaintiff's serious health condition qualified for FMLA leave. Defendant provided Plaintiff the required notice under the FMLA regarding Plaintiff's rights and responsibilities under the FMLA, and Plaintiff's medical provider, Ms. Dance, expressly stated in the certification form Plaintiff's medical conditions, the restrictions of those medical conditions, and the duration of Plaintiff's leave. Defendant provided Plaintiff a "Designation Notice" form denying Plaintiff's FMLA request, stating additional information was necessary for Plaintiff's FMLA request to be approved.

38. Plaintiff continued to miss work due to his serious health condition. Defendant terminated Plaintiff's employment for absences that were protected under the FMLA. Defendant interfered with Plaintiff's FMLA rights by not affording him the job-protected leave he was entitled given that he was terminated for the days he missed due to his serious health condition, which is a FMLA qualifying event entitling him to job-protected leave under the FMLA.

39. Defendant's violations of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
brad@gibsonemploymentlaw.com
513-834-8254 [T]
513-834-8253 [F]

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

                                                  /s/ Bradley L. Gibson
                                                  Bradley L. Gibson (0085196)